IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH ROMAINE LANE** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MR. KERRY KIRSHNER, MRS. B. SHAW, | : | |
| MR. SHAW, LT. MR. WASHINGTON, | : | FILED |
| MR. YODIS, MRS. POLLOTTE, MR. JAMIE | : | MAY 05 2016 |
| LUGUIS, MISS MANTHIS, MR. BROOKS, | : | |
| MR. STIMMEL, MR. JOHN WETZEL, | : | MICHAEL E. KUNZ, Clerk |
| MR. SETTLE, MR. SEAMAN and | : | By_____ Dep Clerk |
| MS. DELAPONTE | : | No. 16-1867 |

## MEMORANDUM OPINION

**J. Savage**                                                                                            **May 5, 2016**

Because plaintiff is proceeding *in forma pauperis*, we must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii)  To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. The allegations of the *pro se* plaintiff are construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff brings constitutional claims, pursuant to 42 U.S.C. § 1983, against several prison officials and employees at the State Correctional Institution at Graterford. Plaintiff has pled his claims in a stream-of-consciousness manner, making it difficult to discern the precise factual basis for his claims and how each defendant allegedly violated his

constitutional rights.

Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious," such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks omitted). Plaintiff has not alleged sufficient facts establishing that any of conditions to which he was subjected were objectively serious or that any of the named defendants acted with deliberate indifference to his health or safety.

Certain aspects of plaintiff's narrative concern conduct that does not give rise to a constitutional claim. To the extent plaintiff is raising claims based solely on prison officials' failure to respond to grievances, his claims fail. "Inmates do not have a constitutionally protected right to the prison grievance process." *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (per curiam); *see also Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam). Nor do prisoners have a constitutional right to any particular prison employment while incarcerated. *See James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). Furthermore, verbal threats alone do not amount to a constitutional violation. *See Booth v. King*, 228 F. App'x 167, 172 (3d Cir. 2007) (per curiam). Plaintiff has not alleged why he believes his disciplinary proceedings were constitutionally deficient. *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002); *see also Iwanicki v. Pa. Dep't of Corr.*, 582 F. App'x

75, 80-81 (3d Cir. 2014) (per curiam). With respect to his claim that certain defendants lost his property, he cannot state a constitutional claim. If the defendants acted negligently, the due process clause is not implicated. If they acted intentionally, the plaintiff has an adequate post-deprivation remedy under state law. See Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); Shakur v. Coelho, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (holding that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property).

Because we cannot identify a clear factual basis for a plausible claim against any defendant, we dismiss the complaint without prejudice and permit the plaintiff to amend his complaint within thirty days.